| | | |
|---|---|---|
| LATOYA GENORA HERNDON<br>2718 Virginia Avenue<br>Baltimore, Maryland 21227 | * <br> <br>* | IN THE<br><br>UNITED STATES |
| Plaintiff, | * | DISTRICT COURT |
| v. | * | FOR THE |
| CENTER FOR SOCIAL CHANGE, INC.<br>56600 Amberton Drive<br>Elkridge, Maryland 21075 | *<br><br>* | DISTRICT OF MARYLAND |
| Defendant | * | |
| Serve on:<br>   Chandhok Singh<br>   8410 Terry Lee Way<br>   Severn, Maryland 21144 | *<br><br>*<br><br>* | Case No. 1:19-cv-01452 |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **COMPLAINT**

COMES NOW, Latoya G. Herndon, by and through her attorneys, Paul V. Bennett, Esq. and Bennett & Ellison, P.C., and hereby sues Center for Social Change, Inc. and in support thereof states:

### **JURISDICTION AND VENUE**

1. This court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. (hereinafter referred to as "Title VII").

2. That all actions complained of herein took place in Howard County, Maryland.

3. Defendant, Center for Social Change, Inc., is located in Howard County, Maryland.

4. That at all times relevant hereto, Defendant Center for Social Change, Inc. was a business entity employing fifteen (15) or more persons, and is an "employer" within the meaning of Title VII.

1

5.  In accordance with Title VII, Plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission on November 15, 2016. On February 22, 2019, a Notice of Right to Sue was issued by the U.S. Equal Employment Opportunity Commission. Therefore, Plaintiff has properly exhausted her administrative remedies before timely filing suit.

## FACTS COMMON TO ALL COUNTS

6.  Plaintiff is African American and native to the United States.

7.  Plaintiff was hired by Center for Social Change, Inc. in April 2012 as a Job Coach. The Center for Social Change, Inc. provides support to individuals with intellectual disabilities.

8.  As of October 2016, Plaintiff was employed as a Job Coach with an hourly wage of $10.25.

9.  Plaintiff always met or exceeded her employer's legitimate expectations.

10. Plaintiff was supervised by Rahkal Govantes (African American, United States of America) beginning in 2014.

11. Ms. Govantes assigned Plaintiff to oversee that all medications were administered properly in the Day Program. Plaintiff's responsibilities included ensuring all medication books were up to date, overseeing Medication Administration Record ("MAR") charts, giving insulin, completing catherizations, supervising all staff that were administering medication in order to ensure administration occurred properly, and filling in with Certified Medical Technician ("CMT") responsibilities when other staff were absent.

12. Due to Plaintiff's performance in executing these additional duties during 2014 and 2015, Ms. Govantes asked Jesse Singh, COO (Asian, Indian descent. Unknown if born in

India) if the organization would create an administrative position that would be comprised of Plaintiff's additional duties surrounding medication that Plaintiff would then fill.

13. Ms. Govantes was on maternity leave during February 2015 and March 2015. During this time, David Miller (Caucasian, United States of America) temporarily supervised Plaintiff.

14. While Mr. Miller temporarily supervised Plaintiff, Mr. Singh invited Paramjit Kaur (Asian, India), a friend of Mr. Singh's, to observe her performing the medical duties. Plaintiff later learned that Ms. Kaur had been invited in order to see if she would be interested in joining the organization as a Medical Coordinator, the position that Ms. Govantes had sought to create and have Plaintiff perform.

15. Ms. Kaur was hired as Medical Coordinator in April 2015. This position was never advertised internally or to the broader public. Further, Plaintiff was never informed of the creation of the position despite already performing the duties of the position.

16. On Ms. Kaur's first day of work in April 2015, Plaintiff complained to Mr. Miller about not being considered for the position. He responded by indicating that he did not understand why Plaintiff was not hired for the position.

17. On the same date, Plaintiff complained to Stephanie Clark, a human resources representative, that she was not given the opportunity to interview for the position. Ms. Clark responded that she was not aware of that the position existed until the day that Ms. Kaur was hired.

18. Plaintiff also filed an internal grievance complaining that she was not given the opportunity to apply for the Medical Coordinator position with Defendant and gave it to the individual at the front desk (name unknown).

19. Upon beginning her employment, Ms. Kaur approached Plaintiff and requested that Plaintiff train her. Plaintiff responded that she would if Mr. Singh compensated her for these additional responsibilities.

20. Shortly thereafter, Ms. Govantes was terminated from her position. She was succeeded by Shondel Glasgow (African American, African – country unknown).

21. On October 13, 2016, Ms. Glasgow ordered Plaintiff fill-in for Ms. Kaur while she was on vacation.

22. Plaintiff was terminated one week later under the pre-text of excessive absenteeism by Ms. Clark and Ms. Glasgow at the instruction of Dana Dimas, Director of programs and Ms. Glasgow's supervisor. However, Plaintiff had never been counseled verbally or in writing regarding her attendance. Per Defendant's Employee Handbook, excessive absenteeism qualifies as a Level II Offense and should be disciplined by verbal warning the first time. Should the behavior persist, an individual is to receive a written warning. The third time an individual is counseled, the individual should receive a written warning and a suspension of one or more days. Finally, an individual would be discharged from employment.

23. Therefore, Defendant failed to follow its progressive discipline policy in terminating Plaintiff without following the preceding levels of discipline.

**COUNT I**
**RACIAL DISCRIMINATION**
**(Disparate Treatment)**
**Title VII of the Civil Rights Act of 1964**
**42 U.S.C. §§ 2000e et seq.**

24. Plaintiff hereby restates and incorporates Paragraphs 1 through 23 of this Complaint as though fully set forth herein.

25. That Defendant carried out the aforementioned acts of discrimination against Plaintiff based on her race (African American) – a protected class under Title VII.

26. That the aforementioned acts constitute unlawful practices pursuant to Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §§ 2000e et seq.

27. That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her race (African American).

28. That the unlawful employment practices complained of above were intentional.

29. That the discriminatory actions as set forth above, have cause and will continue to cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation, and mental anguish.

30. That the intentional discriminatory actions of Defendant, as alleged above, were done with malice and/or reckless indifference to Plaintiff's rights.

31. That Plaintiff was similarly situated to Paramjit Kaur (Asian, India) in that they performed a similar position and duties. Further, they were supervised by Shondel Glasgow (African American, African – country unknown). Paramjit Kaur received more favorable treatment in that she was hired into a position when Plaintiff was not considered and Plaintiff was terminated under false pretenses.

32. That Plaintiff was discriminated against in employment based on her race when she was treated less favorably than similarly situated non-African American employees, including but not limited to Shondel Glasgow (African American, African – country unknown) who were not subjected to the aforementioned acts of discrimination, including but not limited to: termination. A motivating factor for taking the aforementioned adverse job actions against Plaintiff was because of her race.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

**COUNT II**
**NATIONAL ORIGIN DISCRIMINATION**
**(Disparate Treatment)**
**Title VII of the Civil Rights Act of 1964**
**42 U.S.C. §§ 2000e et seq.**

33. Plaintiff hereby restates and incorporates Paragraphs 1 through 23 of this Complaint as though fully set forth herein.

34. That Defendant carried out the aforementioned acts of discrimination against Plaintiff based on her national origin (United States of America) – a protected class under Title VII.

35. That the aforementioned acts constitute unlawful practices pursuant to Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §§ 2000e et seq.

36. That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her national origin (United States of America).

37. That the unlawful employment practices complained of above were intentional.

38. That the discriminatory actions as set forth above, have cause and will continue to cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation, and mental anguish.

39. That the intentional discriminatory actions of Defendant, as alleged above, were done with malice and/or reckless indifference to Plaintiff's rights.

40. That Plaintiff was similarly situated to Paramjit Kaur (Asian, India) in that she performed a similar position and duties. Further, she was supervised by Shondel Glasgow (African American, African – country unknown). Paramjit Kaur (Asian, India) received more

favorable treatment in that she was not terminated from their position or otherwise adversely affected.

41.	That Plaintiff was discriminated against in employment based on her race when she was treated less favorably than similarly situated non-African American employees, including but not limited to Paramjit Kaur (Asian, India) who was not subjected to the aforementioned acts of discrimination, including but not limited to: termination. A motivating factor for taking the aforementioned adverse job actions against Plaintiff was because of her national origin.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## COUNT III
## RETALIATION
### Title VII of the Civil Rights Act of 1964
### 42 U.S.C. §§ 2000e et seq.

42.	Plaintiff hereby restates and incorporates Paragraphs 1 through 23 of this Complaint as though fully set forth therein.

43.	On or about April 2015, Plaintiff complained about Ms. Kaur receiving more favorable treatment in that she was hired for a position that was not advertised or made known to Plaintiff when she had been performing Ms. Kaur's duties previously with no additional compensation for these extra duties.

44.	Further, on October 13, 2016, Plaintiff complained about being requested to perform Ms. Kaur's duties while she was on vacation as Plaintiff would not receive any additional compensation and would have to still perform her normal daily duties.

45.	The aforementioned legally protected activities were known by management to have occurred.

46. The subsequent termination as set forth in the above-referenced facts common to all counts amounted to illegal retaliation.

47. That the aforementioned acts of retaliation for complaining of discrimination and retaliation constitute unlawful employment practices pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

48. That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee based upon Plaintiff's race and national origin.

## COUNT IV
## WRONGFUL TERMINATION
### Title VII of the Civil Rights Act of 1964
### 42 U.S.C. §§ 2000e et seq.

49. Plaintiff hereby restates and incorporates Paragraphs 1 through 23 of this Complaint as though fully set forth therein.

50. That the aforementioned acts constitute unlawful practices pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

51. That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her race (African American) and national origin (United States of America). Specifically, Plaintiff was terminated when those outside of the protected class were not subjected to termination under false pretenses.

52. That the unlawful employment practices complained of above were intentional.

53. That the hostile and discriminatory actions, as set forth above, have cause and will continue to cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation, and mental anguish. Specifically, Plaintiff was terminated.

**PRAYER FOR DAMAGES**

WHEREFORE, for the foregoing reasons, Latoya Genora Herndon, Plaintiff, demands judgment against Defendant, Center for Social Change, Inc., as follows:

a. Lost wages;

b. Damages for her emotional distress and mental anguish in the amount of $150,000.00;

c. Prejudgment and post judgment interest;

d. Award attorney's fees and costs, including expert witness fees, as allowed by law;

e. Award past and future economic damages for all claims as allowed by law, in an amount to be determined at trial, including, but not limited to, back pay and lost benefits, COBRA payments incurred by Plaintiff, front pay, and special damages comprised in part of, but not limited to, past and future costs of borrowing funds to meet financial obligations, and past and future out-of-pocket pecuniary losses;

f. Award past and future non-economic damages for all claims as allowed by law, in an amount to be determined at trial, including, but not limited to, lost earnings capacity, mental suffering, emotional distress, loss of enjoyment of life, humiliation, loss of reputation, and inconvenience;

g. And for such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,

\_\_/s/_____
Paul V. Bennett, Esq.
Bennett & Ellison, P.C.
2086 Generals Highway, Suite 201
Annapolis, Maryland 21401
Tel: (410) 974-6000
Email: pbennett@belawpc.com
*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Latoya Genora Herndon, by and through her attorneys, Paul V. Bennett, Esq. and Bennett & Ellison, P.C., hereby demands that this above-captioned matter be tried before a jury on all issues so triable.

Respectfully Submitted,

\_\_\_\_\_/s/_____
Paul V. Bennett, Esq.
Bennett & Ellison, P.C.
2086 Generals Highway, Suite 201
Annapolis, Maryland 21401
Tel: (410) 974-6000
Email: pbennett@belawpc.com
*Attorney for Plaintiff*